# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CR-6 (WLS) |
| | : | |
| ROBERT B. SPERRAZZA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER[1]

Presently pending before the Court is the Government's Motion in Limine to Exclude Irrelevant Evidence (Doc. 51). The Government seeks to preclude Defendant from arguing or introducing documents or testimony related to tax payments he made to the IRS after he became aware of the criminal investigation. (Doc. 51 at 1.) The Government argues that Defendant filed his tax payments for a self-serving purpose after being informed of the criminal investigation, rendering Defendant's late payment of taxes irrelevant to the issue of whether Defendant had the requisite criminal intent to commit the crime. The Government also argues that admission of evidence of the payments is greatly prejudicial as it will confuse the jury and distract from the charged crimes. Defendant asserts that he never received an audit notice for the years in question, was presumably unaware of the criminal investigation until notified, and filed his amended returns and payments in 2009 upon notification, well before the Indictment was returned on March 15, 2012.

On June 3, 2013, the Court held a hearing on the Government's Motion. At the hearing, the parties agreed that evidence of the late tax payments was irrelevant to the

---

[1] In order to promptly advise counsel of the Court's ruling in advance of opening statements, the Court provided a ruling by text order on June 3, 2013, to be followed by this written order.

charges of structuring financial transactions (Counts Four and Five). Thus, the only question is whether the Court should exclude evidence of the late tax payments as to the tax evasion charges under 26 U.S.C. § 7201 (Counts One, Two, and Three).

In light of the binding precedent set forth in *Hill v. United States*, 363 F.2d 176 (5th Cir. 1966), the Court will permit the admission of evidence of the late tax payments only as to Counts One, Two, and Three. In *Hill*, a tax evasion case under 26 U.S.C. § 7201, the Fifth Circuit ruled that "[o]n the issue of willfulness the prompt correction of errors…by making tax payments is relevant…[and] where a defendant has an opportunity to correct his return and is put on notice that such correction is necessary, his failure to take steps to file an amended return is a proper matter for a jury to consider in determining intent or lack of intent." *Hill*, 363 F.2d at 180. Thus, the evidence of tax payments post-notice can be of probative value in establishing a defendant's state of mind at the time of the alleged criminal acts. *United States v. Tishberg*, 854 F.2d 1070, 1073 (7th Cir. 1988) ("Tishberg's subsequent conduct may demonstrate a good faith effort to correct his previous mistakes."). In the instant case, where Defendant was put on notice of his flawed tax returns only after being informed of the criminal investigation, his resulting tax payments may have probative value on the question of willfulness as to Counts One, Two, and Three. While the Government argues that such evidence will be prejudicial and confuse the jury, none of the cases cited support the Government's position. Each case cited by the Government involves a prosecution under 26 U.S.C. § 7203, which addresses willful failure to file an income tax return or pay taxes. Under § 7203, evidence of late filings and payments of taxes have generally been considered inadmissible, as the conduct of a defendant in the years subsequent to a failure to file tax returns has little relevance to the original failure to file

2

a tax return, and "the intent to report...income and pay...tax in the future does not vitiate the wilfulness required by [§ 7203]." *Sansone v. United Stated*, 380 U.S. 343, 345 (1965). The same cannot be said of § 7201, where the original crime is of tax evasion and subsequent conduct can implicate willfulness or support the lack of willfulness as the Court noted in *Hill*. The Government's argument that the payments in this case were self-serving goes to the weight of the evidence, not its admissibility, and of course, the Government is free to argue that the payments were self-serving. Ultimately, what weight, if any, to be given to the tax payments is for the jury to determine together with all the other evidence.

Accordingly, the Court **DENIES IN PART** the Government's Motion in Limine (Doc. 51) to the extent that the Court will permit the admission of evidence of the late tax payments only as to Counts One, Two, and Three. The Court **GRANTS IN PART** the Government's Motion in Limine (Doc. 51) to the extent that the Court will not permit admission of evidence of the late tax payments as to Counts Four and Five. The Court will also issue an appropriate instruction to the jury that they are not to consider the matter of late payments as to Counts Four and Five.

**SO ORDERED**, this  4th  day of June, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**