**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CR-6 (WLS) |
| | : | |
| ROBERT B. SPERRAZZA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Presently pending before the Court is Defendant's Motion to Prohibit the Government From Introducing Evidence Pursuant to Fed. R. Evid. 404(b) and Response to Government's Notice of Intent to Introduce Intrinsic Evidence or Inextricably Intertwined Evidence (Doc. 36) and Defendant's Motion in Limine (Doc. 50). Defendant seeks to prohibit the Government from introducing at trial evidence of Defendant's prior charges in two state courts and evidence of Defendant's alleged drug usage. At the May 13, 2013 Pretrial Conference, the Government stated that it would not include Defendant's drug use in its opening statement and that it would instruct its witnesses not to mention Defendant's drug use until such time that the Court has found the evidence of drug use admissible. Defendant agreed to the Government's approach. At the June 3, 2013 Pretrial Conference, the Government stated that it would not introduce evidence of Defendant's drug charges in its case-in-chief, and it would instruct its witnesses not to mention Defendant's drug charges. The Government also stated that should the matter of Defendant's drug charges become relevant during cross-examination or rebuttal, the Government would seek direction from the Court outside the presence of the jury before proceeding. Defendant agreed with the Government's

1

2

approach. Accordingly, the Court will not allow any introduction of evidence of Defendant's drug usage or drug charges until the Court has ruled such evidence relevant and admissible upon notice by counsel for the Government.

**SO ORDERED**, this 4th day of June, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

2