**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | CASE NO.: 1:12-CR-6 (WLS) |
| ROBERT B. SPERRAZZA, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Following a four-day trial, a jury convicted Defendant of three counts of tax evasion and two counts of structuring financial transactions as alleged in the Indictment, as amended. (Docs. 1, 41, 43, 59, 65-68.) On October 7, 2013, the Court issued a Preliminary Order of Forfeiture as a result of the jury's finding that Defendant was guilty of structuring financial transactions in the amounts of $440,067.99 in 2007 and $430,171.00 in 2008, which totals $870,238.99. (Docs. 78, 83.) On April 28, 2014, the Court held a sentencing hearing in the above-captioned matter. (Doc. 100.) The Court heard arguments as to Defendant's Consolidated Motion (1) To Set Aside Structuring Verdicts and Preliminary Order of Forfeiture and (2) For a New Trial on Tax Evasion Charges. (Doc. 95.) The Court denied that Motion as untimely and sentenced Defendant to 36 months for each count, to run concurrently, for a total sentence of 36 months. (Doc. 100.) The Court also ordered Defendant to immediately pay a mandatory assessment fee of $500.00 and to forfeit $870,238.99 as a result of his convictions for structuring pursuant to 31 U.S.C. §§ 5317, 5324. The Court will briefly memorialize its oral pronouncements made at the hearing.

**I. Defendant's Consolidated Motion (Doc. 95)**

In his Motion and at the hearing, Defendant argued that the jury verdict cannot stand because of defects in the indictment. (Doc. 95.) In support of that argument, Defendant cited *United States v. Lang*, 732 F.3d 1246 (11th Cir. 2013). In that case, the Eleventh Circuit Court of Appeals vacated structuring convictions based on an

indictment deemed defective because it listed each individual transaction of less than $10,000 involved in the structuring scheme as a separate charge. *Id.* at 1251, appendix A. Each charge must be able to stand alone as a sufficient indictment. *Id.* at 1249. A transaction involving less than $10,000, without more, cannot serve as a basis for a structuring charge because there is no requirement to report a transaction involving less than $10,000. *Id.* at 1247-48. Because each charge in the indictment involved less than $10,000 and could therefore not constitute the crime of structuring, the Court found that the indictment was "so defective that it [did] not, by any reasonable construction, charge an offense for which the defendant [could be] convicted." *Id.* at 1248 (quoting *United States v. Pena*, 684 F.3d 1137, 1147 (11th Cir. 2012)).

Defendant argued that the indictment in this case was similarly defective because (1) some of the transactions listed in the indictment as illegal structuring transactions were withdrawals, and (2) the indictment arbitrarily grouped transactions that occurred in 2007 separately from transactions that occurred in 2008. However, as found by the Court at the hearing, the asserted defects noted by Defendant are materially distinct from the defects in the indictment in *Lang*. The indictment in *Lang* failed to plead a structuring crime at all because one transaction involving less than $10,000 standing alone is not structuring. To constitute the crime of structuring, a transaction involving less than $10,000 must be grouped with other such transactions and involve "the purpose of evading" a financial institution's reporting requirements. *Ratzlaf v. United States*, 510 U.S. 135, 136 (1994). Here, the indictment groups the structuring charges into transactions that took place in 2007 and transactions that took place in 2008. The individual transactions which would not trigger the bank's reporting requirements standing alone were not charged separately. Thus, the case falls outside of the ambit of the defective indictments envisioned by *Lang*. As such, the Court finds that the indictment in this matter was not "so defective that it [did] not, by any reasonable construction, charge an offense for which the defendant [was] convicted." *Id.* at 1248 (quoting *Pena*, 684 F.3d at 1147). Instead, the indictment properly "present[ed] the essential elements of the charged offense; [ ] provide[d] the accused

with notice of the charge he [had to] defend against; and [ ] enable[d] the accused to rely upon [the] judgment under the indictment for double jeopardy purposes." *See Pena*, 684 F.3d at 1147 (citing *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).

Further, the Court notes that even if some transactions listed in the charts in the indictment were not deposits—and therefore not structuring transactions—any such error did not disturb the jury's findings. The jury was instructed that the indictment was not evidence and there is no indication that the jury used the indictment as such or that the evidence at trial did not provide a sufficient factual basis for the jury to find Defendant guilty of structuring. Because Defendant's motion is untimely as clearly shown by the record and for the reasons stated above, Defendant's Consolidated Motion (1) To Set Aside Structuring Verdicts and Preliminary Order of Forfeiture and (2) For a New Trial on Tax Evasion Charges (Doc. 95) is **DENIED.**

## II. Forfeiture

As noted above, Defendant was found guilty of structuring transactions involving $870,238.99. (Docs. 1, 41, 77.) As previously stated by the Court in its November 5, 2013 Order (Doc. 83), Defendant was not entitled to have the jury determine the issue of forfeiture because no Party made such a request, and the forfeiture in this case does not violate the Excessive Fines Clause of the Eighth Amendment. (Doc. 83 at 2-3 (citations omitted)). Based on the jury's verdict of guilty as to the structuring charges against Defendant, the Government is entitled to a personal money judgment in the amount of $870,238.99. *See United States v. Strelski*, 523 F. App'x 704 (11th Cir. 2013). Further, pursuant to Federal Rule of Criminal Procedure 32.2, the Court reminded Defendant that the Preliminary Order of Forfeiture (Doc. 78) was final at the time of sentencing and thus ensured that Defendant knew of the forfeiture at sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(B).

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the United States shall have and recover from Defendant the sum of $870,238.99 due in forfeiture, and that amount hereby is forfeited to the United States, pursuant to 31 U.S.C. § 5317(c)(1) and Federal Rule of Criminal Procedure 32.2(b). The Court notes

that the Government filed a Motion for an Order of Forfeiture to Include Certain Substitute Property of Defendant Robert B. Sperrazza (Doc. 102).  The Court will dispose of that Motion by separate order and will therefore retain jurisdiction to enter any orders necessary for the forfeiture and disposition of any substitute assets sought by the Government, pursuant to 21 U.S.C. § 853, as incorporated by 31 U.S.C. § 5317(c)(1)(B), in satisfaction of such money judgment, and to entertain any third-party claims that may be asserted in those proceedings.

    **SO ORDERED**, this  1st  day of May 2014.

                                              /s/ W. Louis Sands
                                              **W. LOUIS SANDS, JUDGE**
                                              **UNITED STATES DISTRICT COURT**