IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:12-CR-6 (WLS) |
| ROBERT B. SPERRAZZA, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Presently pending before the Court is Defendant's Motion for Continuation of Existing Bail Conditions Pending Appeal (Doc. 114). Defendant argues that his appeal raises substantial questions of fact and law. The Court disagrees. For that reason, Defendant's Motion for Continuation of Existing Bail Conditions Pending Appeal (Doc. 114) is **DENIED.**

## DISCUSSION

A person who has been found guilty and sentenced to a term of imprisonment shall be detained while that person's appeal is pending unless the Court finds "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community [and] (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

First, Defendant argues that he is likely to prevail on his argument that the asserted defectiveness of the indictment on appeal. Defendant notes that he previously made that argument but "th[e] Court denied Defendant's motion, not on the merits, but because it was untimely." (Doc. 114 at 5.) It is true that Defendant's motion was untimely, but it would have not been untimely if it pertained to an indictment with

1

defects sufficiently analogous to the indictment at issue in *United States v. Lang*, 732 F.3d 1246 (11th Cir. 2013). If Defendant's indictment was defective to the same extent as the indictment in *Lang*, he would be entitled to relief notwithstanding the untimeliness of his Motion for New Trial (Doc. 95). Therefore, the Court has ruled on the merits of Defendant's present argument, which was also made in Defendant's Motion for New Trial. (*See* Doc. 103.) As previously noted by the Court:

> To constitute the crime of structuring, a transaction involving less than $10,000 must be grouped with other such transactions and involve "the purpose of evading" a financial institution's reporting requirements. *Ratzlaf v. United States*, 510 U.S. 135, 136 (1994). Here, the indictment groups the structuring charges into transactions that took place in 2007 and transactions that took place in 2008. The individual transactions which would not trigger the bank's reporting requirements standing alone were not charged separately. Thus, the case falls outside of the ambit of the defective indictments envisioned by *Lang*. As such, the Court finds that the indictment in this matter was not "so defective that it [did] not, by any reasonable construction, charge an offense for which the defendant [was] convicted." *Id.* at 1248 (quoting *Pena*, 684 F.3d at 1147). Instead, the indictment properly "present[ed] the essential elements of the charged offense; [ ] provide[d] the accused with notice of the charge he [had to] defend against; and [ ] enable[d] the accused to rely upon [the] judgment under the indictment for double jeopardy purposes." *See Pena*, 684 F.3d at 1147 (citing *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).

(Doc. 103 at 2-3.) The indictment alleged that Defendant "knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, structure and assist in structuring [listed] transactions, by negotiating the checks [listed in grids] in increments less than $10,000, at a financial institution, to wit SB & T, Albany, Georgia, and did so as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period." Thus, the indictment alleged that Defendant structured transactions involving the negotiation of checks, i.e. cashing checks. "[B]reaking up a single transaction above the reporting threshold into two or more separate transactions for the purpose of evading a financial institution's reporting requirement" is the crime of structuring. *See Lang*, 732 F.3d at 1248 (citation omitted). The reporting requirement found at 31 C.F.R. § 1010.311

is triggered by any "deposit, withdrawal, exchange of currency or other payment or transfer, by, through, or to such financial institutions which involves a transaction in currency of more than $10,000." Negotiating a check is a deposit and withdrawal. That act is a transaction and may involve currency of more than $10,000. Because a reporting requirement would have been triggered if a person cashed a check involving more than $10,000, that person would be guilty of structuring if he structured transactions involving the negotiation of checks with the intent of evading the referenced reporting requirement. That is the conduct alleged in the indictment. Therefore, the indictment properly alleged that Defendant committed the crime of structuring and does not raise any concerns addressed by *Lang*. The Court finds that there is no substantial question as to that issue.

Second, Defendant argues that it is likely that he will obtain relief on appeal because of insufficient evidence that he knew about the reporting requirements and, therefore, insufficient evidence that he intended to evade those requirements. Defendant asserts that he testified "that, until the criminal charges were presented to him, he had never been told about the requirement that a bank file a CTR [Currency Transaction Report] whenever a customer engages in a cash transaction over $10,000." (Doc. 114 at 9.) When reviewing the record to determine whether sufficient evidence exists to support the jury verdict, the Court must "view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in favor of the jury verdict, and determine whether the jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Vazquez*, 53 F.3d 1216, 1224 (11th Cir. 1995). "When a defendant takes the stand in a criminal case, he subjects himself to a determination by the jury of his credibility. The jury is free to disbelieve him and reject his explanation as complete fabrication." *United States v. Cotton*, 770 F.2d 940, 945 (11th Cir. 1985). "The jury may view defendant's false explanatory statement as substantive evidence proving guilt." *United States v. Allison*, 908 F.2d 1531, 1535 (11th Cir. 1990).

3

The Court finds that there was sufficient evidence for a reasonable jury to infer from the circumstances surrounding Defendant's behavior and banking practices that he knew that his conduct was illegal. Evidence introduced at trial suggested that Defendant negotiated checks that were less than $10,000 but, considered in the aggregate, exceeded $10,000. Defendant engaged in this pattern of negotiating checks for nearly two years, and many occasions involved two or three checks on a particular day. Also, Defendant testified that he did not know about the reporting requirements. The evidence of Defendant's check-cashing pattern, coupled with the possibility that the jury found the referenced testimony untruthful and used it as substantive evidence of Defendant's guilt, is sufficient to sustain the guilty verdict. The Court finds that there is no substantial question as to the sufficiency of the evidence.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Continuation of Existing Bail Conditions Pending Appeal (Doc. 114) is **DENIED.**

**SO ORDERED**, this  5th  day of June 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**