IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:12-CR-6 (WLS) |
| ROBERT B. SPERRAZZA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Government's Motion for an Order of Forfeiture to Include Certain Substitute Property of the Defendant (Doc. 102). On June 18, 2014, the Court held a hearing on that motion. (Doc. 128.) Being fully briefed, the referenced Motion is ripe for review. (*See* Docs. 102-1, 113, 127, 129 & 131.) For the reasons that follow, the Government's Motion (Doc. 102) is **GRANTED.**

## PROCEDURAL BACKGROUND

On March 25, 2012, Defendant Robert B. Sperrazza was indicted on three counts of tax evasion and two counts of structuring financial transactions. (*See* Doc. 1.) Count Four charged Sperrazza with structuring $440,067.99 in transactions in 2007. (*See* Docs. 1-1 & 43.) Count Five charged him with structuring $430,171.00 in transactions in 2008. (Doc. 1 at 6-7.) The Indictment noticed Sperrazza that the Government intended to seek forfeiture against his property pursuant to 31 U.S.C. § 5317 in the event Sperrazza was convicted of violations of 31 U.S.C. § 5324 as charged in Counts Four and Five. (*Id.* at 7.) Following a five-day jury trial, on June 7, 2013, Sperrazza was found guilty on all five counts as charged by the Indictment. (Docs. 59, 65-69.) On October 7, 2013, the Court entered a Preliminary Order of Forfeiture. (Doc. 78.) On June 28, 2014, the Court held an evidentiary hearing on the Government's motion. (Doc. 128.)

## FACTUAL BACKGROUND

At the evidentiary hearing, the Government called one witness, Cindy Meyers, Special Agent with the Internal Revenue Service ("IRS"). Meyers has been employed with the

1

Criminal Investigation Section of the IRS since October 1991. (Doc. 127-1 at 1.) She has an extensive background in investigating criminal violations of financial fraud, criminal tax fraud, laundering, and structuring. (*Id.* at 1-2.)

Count Four of the Indictment involved structuring transactions in 2007. That year, Sperrazza structured check cashing transactions in the amount of $281,767.99 and cash deposits totaling $158,300.00. (*See* Doc. 63-109.) Count Five of the Indictment involved structuring transactions in 2008. That year, Sperrazza structured check cashing transactions in the amount of $318,671.00 and cash deposits in the amount of $111,500.00. (*See id.*) All structured cash deposits involved an account for the Sperrazza Management Company at Security Bank and Trust ("SMC Account"). (Doc. 127-1 at 3.)

Of the $281,767.99 in structured cashed checks in 2007, Sperrazza paid half, or $140,884.00, to Dr. Matthews. (*Id.* at 4.) Sperrazza deposited his half of those checks into his SMC Account. (*Id.*) That amount, $140,884.00, was included in the 2007 structuring count, along with $17,416.00 from unknown sources. (*Id.*) The total structured deposit amount from 2007 of $158,300.00 was commingled with other deposited checks totaling $333,859.00. (*Id.*) Due to the commingling of structured deposits with legitimate deposits, Meyers was unable to directly trace the forfeitable funds. (*Id.*)

Of the $318,671.00 in structured cashed checks in 2008, Sperrazza paid half, or $159,335.50, to Dr. Matthews. (*Id.* at 5.) Sperrazza deposited $111,500.00 into his SMC Account, leaving a remaining balance of $47,836.00 from his half of the structured cashed checks. (*Id.* at 5-6.) During a search of Sperrazza's vehicle on December 12, 2008, police located $37,913.00 in cash. (*Id.* at 6.) The $111,500.00 in structured deposits in 2008 was commingled with other deposited checks totaling $386,795.00. (*Id.*) Due to the commingling of structured deposits with legitimate deposits, Meyers was unable to directly trace the forfeitable funds. (*Id.* at 6-7.)

## ANALYSIS

Currency involved in a structuring offense is forfeitable to the United States. *See* 31 U.S.C. § 5317(c)(1); *see also* 21 U.S.C. § 853(a). Where currency directly traceable to the structuring offenses "cannot be located upon the exercise of due diligence" due to acts or omissions of the defendant, the Court "shall order the forfeiture of any other property of the

2

defendant, up to the value of any property" that cannot be located.  *See* 21 U.S.C. § 853(p). The Court may, at any time, enter an order of forfeiture to include substitute property.  Fed. R. Crim. P. 32.2(e)(1).  If the Government demonstrates that the substitute property is subject to forfeiture, the Court must enter the substitute property order and conduct an ancillary proceeding at a later time in the event that a third party files a petition claiming an interest in the forfeited property.  Fed. R. Crim P. 32.2(e)(2).

First, Sperrazza argues that the Government failed to show that his acts or omissions regarding directly traceable property subject to forfeiture caused such property to be unavailable.  The Court disagrees.  The property directly traceable to Sperrazza's offense conduct was $600,438.99 in currency involved with structured check cashing transactions and $269,800.00 in currency involved with structured deposits.  Half of the currency generated from the check cashing transactions went to Sperrazza's business partner, Dr. Matthews.  Therefore, Sperrazza "transferred [to] a third party" $300,219.50.  Therefore, the Government can seek forfeiture of substitute property as to that amount of currency under 21 U.S.C. § 853(p)(1)(B).

Sperrazza used most of his half of the currency generated from the check cashing transactions in structured deposits.  In 2007, Sperrazza used his entire half plus $17,416.00— in all, $158,300.00—in structured deposits.  In 2008, Sperrazza only used $111,500.00 of his half of the currency generated from the check cashing transactions in structured deposits. Thus, Sperrazza structured $600,438.99 in check cashing transactions and used nearly his entire portion of that amount—in all, $269,800.00—to structure deposits.  Meyer testified that, after conferring with Sperrazza and his attorney, she was unable to locate any portion of the funds Sperrazza used in his structuring offenses.  Therefore, the Government can seek forfeiture of substitute property as to the currency he retained—in all, $570,019.50— under 21 U.S.C. § 853(p)(1)(A).

Second, Sperrazza argues that the Government should not be permitted to seek substitute property in forfeiture as to the funds involved with the structured deposits because those funds constitute currency generated from the structured cash checking transactions.  Sperrazza states that including both amounts would be double counting and therefore "inherently excessive."  He provides no citation to support his argument.

3

Under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, a forfeiture amount is excessive "if it is grossly disproportional to the gravity of a defendant's offense." *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999). Courts should be very hesitant to substitute its judgment for the judgment of Congress or the United States Sentencing Commission. *Id.* at 1309-10. According to the Final Presentence Investigation Report, to which Sperrazza did not timely object,[1] the statutorily authorized fine in this case is over $2 million. The guideline fine range in this case is $10,000-$2,719,114.00. Clearly, the forfeiture amount is well within the statutory and guideline fine ranges. Because Sperrazza did not make any other argument as to why the forfeiture amount is improper or excessive, the Court finds any such arguments waived. Accordingly, the Court finds that the forfeiture amount in this case is not excessive.

Third, Sperrazza argues that the Government failed to demonstrate that the value of the substitute assets does not exceed the value of the money judgment. The Court disagrees. The Government asserts that the total assessed value of the substituted property, according to the Bay County Property Appraiser, is $1,077,004.00, minus costs related to acceptance, management, and sale of the property, which totals $209,251.00, leaving net equity of $867,753.00. (Docs. 127-2 & 127-3.) Sperrazza has not challenged the appraisals. As such, the Court finds that the Government has adequately demonstrated that the value of the substitute assets does not exceed the value of the money judgment.

Lastly, Sperrazza argues that the Government can only recover substitute property from him, not a third party. Sperrazza posits that the Government could only recover substitute assets that currently belong to a third party if the relation-back doctrine applies to substitute assets. Sperrazza maintains that it does not. The Court finds that Sperrazza's argument is inappropriate at this time. To the extent that a third party has a superior interest in the substitute property because the relation-back doctrine does not apply to substitute assets, the third party will be required to make that showing at an ancillary hearing at a later date. *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c)(2). Sperrazza has acknowledged that

---

[1] Sperrazza's "Sentencing Memorandum," which was essentially an untimely objection to the presentence investigation report, does not challenge the statutory or guideline fine range. (*See* Doc. 98.)

4

he does not own the substitute property and therefore, according to his acknowledgement, lacks standing to challenge forfeiture of that property.

## CONCLUSION

For the reasons stated above, the Court finds that the Government has properly demonstrated the statutory prerequisites to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).  Therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED** that all right, title and interest of Defendant Robert B. Sperrazza in the following substitute property is hereby forfeited to the United States:

1. Real property listed in the name of Stafford Insurance/Sycaway Management by Robert B. Speraza, known as Colony Club Harbour, Phase I, Lot 24 (.758 acres), Moonlight Bay Drive, Panama City, Florida, Parcel No.: 32736-026-020, and any appurtenances and improvements thereon, which is more particularly described as:

   A portion of Tract "A", Colony Club Harbour Phase One, as per plat recorded in Plat Book 14, Page 55, of the Public Records of Bay County, Florida being more particularly described as follows: Commence at the Southwest Corner of Lot 24, said Colony Club Harbour Phase One; thence Northwesterly along the North R/W line of Moonlight Bay Drive, which is a curve concave to the Northeast and having a radius of 1422.41 feet for an arc distance of 103.12 feet, said arc having a chord of 103.09 feet bearing N56°28′58″W to the Point of Beginning; thence continue Northwesterly along said curving R/W line concave to the Northeast and having a radius of 1422.41 feet for an arc distance of 36.51 feet, said arc having a chord of 36.51 feet bearing N53°40′15″W to the point of tangent of said curve; thence N52°57′29″W along said North R/W line for 66.36 feet; thence leaving said North R/W line N00°29′07″W, parallel with the West line of said Lot 24 for 315 feet, more or less, to the water's edge of West Bay; thence Southeasterly along said waters edge for 114 feet, more or less, to a point that bears N00°29′07″W from the Point of Beginning; thence S00°29′07″E for 298 feet, more or less, to the Point of Beginning.

   Parcel Identification Number: 32736-026-020

   Subject to all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

2. Real property listed in the name of Sycaway, LLC, known as Preserve On The Bay, Phase I, Lot 83 (.273 acres), Preserve Boulevard, Panama City, Florida, Parcel No.: 31365-583-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 83, The Preserve on the Bay Phase I, according to the plat recorded in Plat Book 15, Pages 23 and 24, of the Public Records of Bay County Florida.

   Subject, however, to all covenants, conditions, restrictions, reservations, limitations, easements and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any.

3. Real property listed in the name of Sycaway, LLC, A Nevis Limited Liability Company, known as Laird Point, Phase I, Lot 64, 1021 Tidewater Lane, Panama City, Florida, Parcel No.: 06701-164-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 64 of LAIRD POINT PHASE ONE, according to the Plat thereof as recorded in Plat Book 20, Page(s) 92-101, of the Public Records of Bay County, Florida.

   Being and intended to be the same premises conveyed to the Grantor herein by deed recorded January 22, 2010, in Book 3214, Page 1183 Public Records of Bay County, Florida.

   Subject, however, to all covenants, conditions, restrictions, reservations, limitations, easements and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any.

4. Real property listed in the name of Elena Dyupina, commonly known as Lot 11 (.073 acres), 425 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-311-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 11, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to taxes for the current year, covenants, restrictions, and easements of record, if any.

   Parcel Identification Number: 37238-311-000

5. Real property listed in the name of Elena Dyupina, commonly known as Lot 69 (.073 acres), 469 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-369-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 69, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-369-000

6. Real property listed in the name of Sycaway, LLC, commonly known as Lot 13 (.073 acres), 429 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-313-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 13, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-313-000

7. Real property listed in the name of Olena Diupina, commonly known as Lot 15 (.073 acres), 433 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-315-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 15, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-315-000

8. Real property listed in the name of Olena Diupina, commonly known as Lot 17 (.073 acres), 437 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-317-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 17, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-317-000

9. Real property listed in the name of Olena Diupina, commonly known as Lot 18 (.073 acres), 439 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-318-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 18, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-318-000

10. Real property listed in the name of Olena Diupina, commonly known as Lot 23 (.073 acres), 434 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-323-000, and any appurtenances and improvements thereon, which is more particularly described as:

    Lot 23, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

    Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

    Parcel Identification Number: 37238-323-000

11. Real property listed in the name of Olena Diupina, commonly known as Lot 25 (.073 acres), 430 Paradise Boulevard, Panama City, Florida, Parcel

No.: 37238-325-000, and any appurtenances and improvements thereon, which is more particularly described as:

Lot 25, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: 37238-325-000

12. Real property listed in the name of Olena Diupina, commonly known as Lot 29 (.073 acres), 422 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-329-000, and any appurtenances and improvements thereon, which is more particularly described as:

Lot 29, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Page(s) 29-32, of the Public Records of Bay County, Florida.

Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: 37238-329-000

13. Real property listed in the name of Olena Diupina, commonly known as Lot 32 (.073 acres), 416 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-332-000, and any appurtenances and improvements thereon, which is more particularly described as:

Lot 32, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: 37238-332-000

14. Real property listed in the name of Olena Diupina, commonly known as Lot 50 (.073 acres), 466 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-350-000, and any appurtenances and improvements thereon, which is more particularly described as:

Lot 50, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: 37238-350-000

15. Real property listed in the name of Olena Diupina, commonly known as Lot 52 (.073 acres), 462 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-352-000, and any appurtenances and improvements thereon, which is more particularly described as:

    Lot 52, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

    Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

    Parcel Identification Number: 37238-352-000

16. Real property listed in the name of Sycaway, LLC, commonly known as Lot 58 (.081 acres), 445 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-358-000, and any appurtenances and improvements thereon, which is more particularly described as:

    Lot 58, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Page(s) 29-32, of the Public Records of Bay County, Florida.

    Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

    Parcel Identification Number: 37238-358-000

17. Real property listed in the name of Olena Diupina, commonly known as Lot 59 (.091 acres), 447 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-359-000, and any appurtenances and improvements thereon, which is more particularly described as:

    Lot 59, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-359-000

18. Real property listed in the name of Olena Diupina, commonly known as Lot 64 (.073 acres), 459 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-364-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 64, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-364-000

19. Real property listed in the name of Olena Diupina, commonly known as Lot 66 (.073 acres), 463 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-366-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 66, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-366-000

20. Real property listed in the name of Olena Diupina, commonly known as Lot 72 (.073 acres), 475 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-372-000, and any appurtenances and improvements thereon, which is more particularly described as:

   Lot 72, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

   Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

   Parcel Identification Number: 37238-372-000

21. Real property listed in the name of Olena Diupina, commonly known as Lot 77 (.073 acres), 485 Paradise Boulevard, Panama City, Florida, Parcel No.: 37238-377-000, and any appurtenances and improvements thereof, which is more particularly described as:

    Lot 77, Paradise Grove, according to the plat thereof, recorded in Plat Book 21, Pages 29 through 32, of the Public Records of Bay County, Florida.

    Subject to the taxes for the current year, covenants, restrictions and easements of record, if any.

    Parcel Identification Number: 37238-377-000

(hereinafter, collectively "the substitute property").

It is further **ORDERED, ADJUDGED, AND DECREED** that:

1. Upon entry of this Order, the United States Attorney General (or his designee) is authorized to seize the substitute property and retain the substitute property ordered to be forfeited hereunder and shall take any other steps deemed warranted to preserve its availability for forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B).

2. The United States shall publish notice of the Order and its intent to dispose of the substitute property in such a manner as the United States Attorney General or his designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the substitute property.

3. Any person, other than the above-named defendant, asserting a legal interest in the substitute property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the substitute property, and for an amendment of the Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n), incorporated by Title 31, United States Code, Section 5317(c)(1)(B).

4. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. Any petition filed by a third party asserting an interest in the substitute property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the substitute property, any additional facts supporting the petitioner's claim and the relief sought.

6. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the substitute property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n), incorporated by Title 31, United States Code, Section 5317(c)(1)(B) for the filing of third-party petitions.

8. This Order of Forfeiture shall be stayed and the substitute property shall not be liquidated until final appellate review has been completed. The United States may file Lis Pendens against the substitute property. The stay is not meant to delay any such ancillary proceeding or the determination of any third-party rights or interests. If the Court rules in favor of any third party while an appeal is pending, the Court may amend this Order of Forfeiture, and the United States shall release any Lis Pendens against any such property. The disposition of any substitute property in accordance with the law shall not commence until after a determination of the appellate review has been completed.

9. Upon disposition, the United States shall release any substitute property that has not been liquidated or currency obtained from liquidation to the Defendant, if the amount collected is in excess of the personal money judgment amount of $870,238.99 and has been satisfied in whole.

10. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order of Forfeiture to substitute additional property having a value not to exceed $870,238.99 to satisfy the personal money judgment in whole or in part.

**SO ORDERED**, this  16th  day of October 2014.

                                        /s/ W. Louis Sands
                                        **W. LOUIS SANDS, JUDGE**
                                        **UNITED STATES DISTRICT COURT**